a *certiorari* to make affidavit satisfying the Judge or commissioner who allows it, that there is reasonable cause for granting it, for error in the judgment below, which shall be specified in such affidavit. This is properly a proceeding in the Court below. If entitled in the Supreme Court, it would have been irregular, according to the case of *Haight* v. *Turner*, cited on the part of the defendant.

As to the second objection, it is enough that the statute expressly declares that the affidavit may be taken before any person authorized to take affidavits to be read in the Supreme Court.

<div style="text-align:right">ALBANY,<br>Feb. 1824.<br>_____<br>The. People<br>v.<br>Forward.</div>

<div style="text-align:center">Motion denied.</div>

<div style="text-align:center">—————</div>

<div style="text-align:center">THE PEOPLE <em>against</em> FORWARD and DAY.</div>

THE defendants were indicted at the Oyer and Terminer in Erie county, July, 1821, for publishing a libel. They pleaded not guilty, and the indictment was remanded to the general sessions of that county; but the defendants b. ought a *certiorari* to remove the indictment to this Court. This writ was granted, on motion, in August term, 1821. The general sessions, at their August·term of the same year, received the writ, and directed a return to be made, without requiring the defendants to give bail; nor did the defendants themselves enter into recognizance, as required by the statute. (1 R. L. 141, s. 4.) At the January term of this Court, 1822, the defendants obtained a rule that all proceedings be stayed until the public prosecutor should consent to the issuing of a commission to take the testimony of foreign witnesses, a copy of which rule was served on the District Attorney of Erie, on the 23d day of May thereafter. On the 5th day of May, 1823, the defendants, on filing a stipulation in writing to that effect, signed by them and the District Attorney, with the Clerk of this Court in Utica, caused a rule for a commission to be entered, to examine certain witnesses named therein, agreeably to the rules

<div style="text-align:right"><em>The defendant sued out a certiorari to remove an indictment from the sessions to this court, which had been returned by the sessions without the defendant having given bail as required by statute, (1 R. L. 141, s. 4,) and a commission to examine witnesses had been issued under the direction of this court; but because no bail was in, a procedendo was ordered.</em></div>

ALBANY,
Feb. 1824.
_____

Jackson
v.
Paul.

and orders of this Court, and to be subject to the same rules as when obtained in a civil cause; but they had not proceed ed to issue the commission; and now,

*J. King*, in behalf of Mr. Potter Dist. Attorney of Erie, moved for a *procedendo*, on the ground that no bail had been given to warrant the writ of certiorari. He cited 1 R. L. 141, s. 4; id. 142, s. 6.

*P. S. Parker*, contra, said the only question was, whether the Court would interfere. The statute is plain, that a re-cognizance must be entered into, or the writ is unavailing, and the Court below must proceed of course.

*Curia.* Take your rule for a *procedendo.*

Rule granted.

_____

JACKSON, *ex. dem.* COLDEN and others, *against* PAUL.

<div style="margin-left:2em">To warrant one's being made a lessor in ejectment, he must have a claim to a subsisting title or interest in the premises.</div>

THE declaration contained 8 counts, and the last set forth a demise from 18 persons, none of whom, (as the tenant stated in his affidavit,) he was informed and believed, pretend to claim any title to the premises in question. On this affi-davit,

<div style="margin-left:2em">It is not enough that it may be a question on the trial whether the legal title is not vested in him.</div>

*L. Ford*, moved to strike out the 8th demise. He cited *Jackson* v. *Sclover*, (10 John. 368,) and *Jackson* v. *Rich-mond*, (4 John. Rep. 483.)

*J. O. Morse*, contra, read the affidavit of the attorney for the plaintiff, which stated that it might be a question on the trial, whether the legal title of part of the premises is not vested in the lessors named in the 8th demise.

*Curia.* This is not enough to warrant us in retaining that demise. The lessors must have a claim to a subsisting title or interest in the premises. The affidavit on the part of the plaintiff does not show this. *Jackson* v. *Richmond*, cited by